## J. M. SAWYER & Co. *v.* WEBB, Garnishee.

A garnishee has a right to have the correctness of a proposed inquiry, adjudicated by the court, and is not bound to submit to any and every conceivable investigation, without objection; or, if he objects, become liable to pay the entire debt in the principal action, if his objection shall prove to be unfounded.

Where a garnishee refused to answer an interrogatory, on the ground that it was impertinent, and he was not bound to answer it, which fact was reported to the court by the commissioner, and thereupon the attorney for the plaintiff moved that the garnishee should show cause why he should not be fined for contempt; and where the parties appeared before the court, and the garnishee expressed a willingness to answer the interrogatory, if the court should rule it to be a proper one; and where the court decided that the interrogatory was proper, and should have been answered, and adjudged that the garnishee, for refusing to answer the same, was liable to pay to the plaintiffs, the full amount of their claim, against the defendant in the action, and refused to allow the said garnishee to answer the interrogatory; *Held,* That the court erred in refusing to allow the garnishee to answer, and in rendering judgment against him.

### *Appeal from the Scott District Court.*

#### FRIDAY, DECEMBER 11.

J. M. Sawyer & Co. commenced their action in the Scott district court, against Z. S. Webb & Co, procured an attachment, and had Chas. T. Webb notified as garnishee. A commissioner was appointed to take his answers, and from the record, it appears that the garnishee denied all indebtedness to the defendants in the attachment; denied having property of theirs in his hands, or under his control; and all knowledge of debts due or owing, or of property of any kind belonging to them, in the possession of others. These answers were returned to the district court, and subsequently, by the order of the court, the garnishee was further interrogated before the same commissioner. It further appears that said garnishee answered, certain questions, and was then further asked, " who were the members of the firm of Z. S. Webb & Co,

and who were the persons that had an interest in said firm, either directly or indirectly?" This question he refused to answer, upon the ground' that it was impertinent, and he was not bound to answer the same. This fact the commissioner reported to the court, and the attorney for plaintiff, moved that the garnishee show cause why he should not be fined for contempt. The bill of exceptions then recites, that the parties appeared. "The attorney for Webb stated, that if the court ruled the question to be a proper one, he was willing to answer it." The garnishee also filed an affidavit to the same effect. Thereupon the court found, that the said interrogatory was a proper one, and should have been answered, " and for refusing to answer the same, the court further adjudged, that the garnishee was liable to pay to the plaintiff, the full amount of their judgment against the said Z. S. Webb & Co." The garnishee again signified his willingness to answer said question, and offered to answer it, which the court refused to allow, but ordered judgment to be rendered against him." The garnishee appeals.

*Davisson & True*, for the appellants.

*Gurley & Rogers*, for the appellees.

WRIGHT C. J.—This judgment must be reversed. If it should be admitted that the failure of the garnishee to answer before the commissioner, would subject him to the same consequences as if the refusal had taken place in open court, it is to be remarked that, in this case, there is nothing to show that the commissioner required or decided that he should answer. It is true, that he refused to answer when the interrogatory was propounded, but for this refusal alone, he would certainly not be liable, until it was determined that the question was proper, and that he was bound to answer the same.

But the more important consideration is, that after the court had determined that the question was proper, the

garnishee should have had an opportunity to respond. Before its pertinency was determined upon, he expressed a willingness to answer, if the court should so adjudge. After he was required to answer, he again proposed to comply, and this right was refused him. It was never intended by our law, that a garnishee, in this summary method, should be, in effect, denied a fair hearing. He has a right to have the correctness of a proposed inquiry, adjudicated by the court, and is not bound to submit to any and every conceivable investigation, without objection; or, if he objects, become liable to pay the entire debt in the principal action, if his objection shall prove to be unfounded. It was the duty of the court, to either re-commit the whole matter for further investigation to the commissioner, or to direct the answer to be taken in open court.

Judgment reversed.